IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TIMOTHY PAUL MARTIN | § | |
| v. | § | CIVIL ACTION NO. 9:11cv14 |
| TDCJ | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Timothy Martin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Martin says that he has sued TDCJ as a government agency under the Texas Tort Claims Act. He discusses various incidents, including one in which he was shot by an inmate with a slingshot while at the Stiles Unit, claims that officers are mishandling his food, a conspiracy exists against him which manifests itself by officers kicking his door excessively, sending maintenance personnel to beat on his door with a sledgehammer, popping the bolt on the fastening device, pinching his skin with handcuffs, jerking on his arm to provoke him, and refusing to feed him. He asks that he be transferred to federal custody to serve the remainder of his sentence because there is such a large combination of state and federal officers involved in the conspiracy, the acts of harassment might continue even if they are ordered to stop.

Martin also complains of a policy of making him breathe "second-hand poisonous gas," referring to the pepper spray used to subdue other inmates. He also says that his sentence is being

1

computed incorrectly. In a memorandum of law, filed in response to an order to amend his complaint, Martin says that his requests for life endangerment investigations have not been acted upon, that the State of Texas is liable under the Texas Tort Claims Act, he is entitled to withdraw his guilty pleas, and he is in imminent danger of serious bodily injury as a result of all of these claims.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed under 28 U.S.C. §1915(g), the "three strikes" provision. The Magistrate Judge concluded that Martin had previously filed at least three lawsuits or appeals which had been dismissed as frivolous, that he had not paid the full fee in this case, and that his allegations were insufficient to show that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. Martin filed objections to the Report on February 16, 2011.

In his objections, Martin says that in September of 2001, he was a witness in state court for a prisoner named Marcus Brown. He was labeled as a "snitch" and filed a lawsuit in Brazoria County. An investigation was done but the threats to his life were "recklessly disregarded"; he was transferred to the Stiles Unit and placed in administrative segregation, instead of being put in protective custody at the Ramsey Unit, as he had requested. His legal papers were seized at the Stiles Unit; however, he states that he had filed state habeas corpus petitions while confined there.

On February 6 of an unstated year, Martin says that his cell was searched and legal papers "flushed down the toilet." In October of 2010, a major at the Ramsey Unit confronted him and says that attorneys had called about an application which he had filed in state court. The major said that "they would beat him up." At the present time, Martin says that his cell is being searched daily, officers are harassing him "in all forms and fashions," and "it will take work to explain this concisely" because of the length of his notes. He says that the items placed in his food include "a big burr," glass, paper, plastic, and rocks, that he showed some of these objects to the inmate in the next cell, and that this inmate heard Martin arguing with officers about "glass in an egg tray." He says that "this scenario has been ongoing since 1999" and that he needs to conduct discovery to

obtain copies of affidavits and complaints he has previously filed about this. Recently, officers have been talking about spitting in his food, and an inmate acted like he was spitting in Martin's tea; he says that a guard told the inmate beforehand "now spit."

Martin again says that all of his legal materials have been destroyed and that he is restricted in his access to materials from the law library. He says that the fact that he suffered physical injury in September of 2010, after being threatened by TDCJ officers and a U.S. Marshal, and by acts of "other federal employees," shows that he may again suffer physical injury in the near future. Martin states that the court should act in such a way that the evidence will be disclosed or produced, not omitted or concealed.

Next, Martin says that the Court misunderstands his claim concerning the pepper spray. He says that he was intentionally moved to an area of the prison where the warden knew that they had been spraying one particular prisoner and would continue to do so, thus forcing every prisoner in the area to have to breathe the gas. He says that the warden specifically told him that they would move him to J-pod where gas was being sprayed every day to see if this changed his mind about filing lawsuits. He attaches a copy of a letter which he purportedly received, addressed to "Mr. Martin," which tells him not to file any more legal actions about the events of September 11, 2001, and to stop trying to file claims in court about his criminal record.[1]

Martin explains that he needs to develop the chain of events which link these incidents to the events of September 11, 2001, apparently referring to the terrorist attack upon the United States. He says that he tried to file a lawsuit in state court about the September 11 incident, naming President George Bush as the defendant, but the President did not file an answer. Martin says that he was already being subject to "all kinds of mistreatment to the extent of psychological torture," and was informed that "we're at war" by a guard while he was writing on his bunk. His ability to attend a

---

[1] While making no findings, the Court notes that this letter, although in cursive, appears remarkably similar in appearance to the handwriting, spacing, and ink used in Martin's objections.

scheduled hearing to find the President in default was obstructed in 2006, resulting in the dismissal of his case, and so he filed a lawsuit in federal court in Beaumont in 2007, which was also dismissed. He then suffered various incidents of retaliation throughout 2006 and 2007, which he says are continuing to this day, but all of the evidence has been concealed. Martin states that he could file an affidavit regarding these incidents, but it would be 70 pages long.

Finally, Martin states that he intends to file another amended complaint, of about 40 pages in length. He says that he intends to name as defendants President George Bush, for soliciting a conspiracy against him which ha caused him to remain in imminent danger since September 11, 2001; President Bill Clinton, for participating in and failing to aid in the prevention of this conspiracy; various TDCJ officers, for participating in this conspiracy; members of the Texas Board of Pardons and Paroles; the U.S. Attorney for the Southern District of Texas, state prosecutors in Jefferson and Brazoria Counties, and the sheriff of Jefferson County, for failing to act on Martin's complaints of a conspiracy; state district judge Craig Smith and federal judge Harry Hudspeth, for interfering with his right of access to court; state judge Mark Stultz, who denied him due process of law and the writ of habeas corpus; and U.S. Magistrate Judge B.J. Ellington, who participated in the conspiracy revolving around the events of September 11, 2001, thus disregarding evidence that Martin was in danger. Martin also says in an affidavit that he has been repeatedly threatened with having the food slot bar dropped on his foot.

Martin's objections are plainly without merit. As the Magistrate Judge explained, allegations of past harm do not suffice, but the threats of harm must be "real and proximate." In <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3rd Cir. 2001), the Third Circuit said that allegations of having been sprayed with pepper spray, combined with a claim that prison officials had engaged in "continuous harassment, plots to hurt or kill him, and other forms of retaliation," did not sufficiently allege imminent danger. Martin's assertions are very similar to those rejected by the Third Circuit. This Court agrees with the reasoning in that case. Martin has failed to set out a sufficient showing of imminent danger, and thus has not triggered the exception to 28 U.S.C. §1915(g).

Although Martin seeks permission to file another amended complaint, the assertions in his objections make clear that his proposed amendment would be futile. He expresses an intent to sue President George Bush and President Bill Clinton concerning the events of September 11, 2001, a claim which is patently frivolous on its face, as well as various prosecutors and judges for failing to act on his claims of conspiracy involving the former Presidents. Martin's objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff Timothy Martin's *in forma pauperis* status be and hereby is REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the filing of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon full payment of the $350.00 filing fee at the time of refiling. Should Martin pay the full fee within 15 days after the date of entry of dismissal in this case, he shall be allowed to proceed in the case as though the full fee had been paid from the outset. It is further

ORDERED that the Court declines supplemental jurisdiction over any issues raised in this lawsuit which are exclusively matters of state law, including any claims under the Texas Tort Claims Act. Such claims are dismissed without prejudice, with the statute of limitations suspended on these claims for a period of 30 days following the date of entry of final judgment. Finally, it is

ORDERED that any and all motions which may be pending in this civil action, including but not limited to Martin's motion for leave to file an amended complaint and to exceed the page limitations therein, are hereby DENIED.

So **ORDERED** and **SIGNED** this **8** day of **March, 2011.**

_____
Ron Clark, United States District Judge